## THE MISSOURI PACIFIC RAILWAY COMPANY v. R. C. KING.

ACTION by *King* against *The Railway Company*, to recover damages for killing a cow belonging to plaintiff. Trial at the September Term, 1883, of the district court of Anderson county, and verdict for plaintiff for $50. The jury also returned answers to questions submitted by defendant. New trial denied, and judgment upon the general verdict for the plaintiff. The defendant company brings the case here.

*W. A. Johnson,* for plaintiff in error.

*L. K. Kirk,* for defendant in error.

*Per Curiam:* This was an action to recover damages for the killing of a cow by a hand-car on defendant's railroad. The judgment must be affirmed, on the authority of the *Rld. Co. v. Wilson,* 28 Kas. 637. The injury having been done at a public crossing, the court instructed the jury to find a verdict for the defendant, unless the injury was caused by the culpable negligence of the defendant, its agents, or employés. Of this the company has no cause of complaint. The testimony was in some respects contradictory, but there was testimony, sufficient to sustain the verdict, showing that the hand-car was coming at an unusual rate of speed on a down grade, with a strong wind in its favor and helping to increase the speed. The cow was seen some two or three hundred feet before the crossing was reached. She moved slowly and deliberately toward the track, but no brake was applied until the car was within thirty feet of the crossing. The car had been used some time, and the brake was smooth and could not stop the car before it struck the cow. If the brake had been in good condition, the car might have been stopped even after it was in fact applied; and if it had been applied a hundred feet before the crossing was reached, it would have stopped the car as it was. There was some portion of one of the instructions, referring to other and improved hand-cars, which was perhaps not strictly applicable; and yet, as appears from the answers of the jury to special questions, it obviously in no manner affected the verdict. While there was this testimony as above described, sufficient, as we think, to show negligence, it should also be stated that there was testimony of a different tendency given by the defendant, which would have warranted the jury in finding due care. But questions of fact of this nature upon opposing testimony, are settled by the triers of fact.

The judgment will be affirmed.